565 So.2d 870 (1990)
Lloyd FREEMAN, Appellant,
v.
FLEET SUPPLY, INC., Appellee.
No. 89-141.
District Court of Appeal of Florida, First District.
August 14, 1990.
Lorin J. Lee of Morton Law Center, Tallahassee, for appellant.
*871 Gordon D. Cherr of Karl, McConnaughhay, Roland & Maida, Tallahassee, for appellee.
MINER, Judge.
Appellant, Lloyd Freeman, appeals from a summary judgment which was entered in favor of appellee, Fleet Supply, Inc. Because we find that Fleet Supply, as the movant, failed to carry its initial burden of establishing the nonexistence of a genuine issue of material fact, we reverse.
Freeman brought suit against Fleet Supply seeking damages for injuries sustained when the brakes failed on the truck he was driving. In his amended complaint, Freeman alleged that Fleet Supply repaired the brakes two months prior to the accident and, as a result of negligent brake repair, Freeman was injured when he was unable to stop the truck. Recovery was sought on theories of negligence, warranty and strict liability. Fleet Supply denied the substantive allegations of the complaint, asserted several affirmative defenses, and moved for summary judgment.
In its summary judgment motion, Fleet Supply asserted that the undisputed facts, as found in Freeman's amended complaint and deposition, failed to establish proximate cause between the accident and the brake repairs. The deposition testimony of Freeman, which was the basis for the summary judgment motion, established that Freeman had performed a routine brake inspection prior to the accident and found the brakes in working order. More importantly, Freeman stated that he did not know what caused the brake failure. At his deposition, Freeman readily admitted that his knowledge of brake systems was limited to "basic issues about brake pressure" which he learned in truck driving school. The trial court granted Fleet Supply's motion for summary judgment, and this appeal followed.
On a motion for a summary judgment, the movant carries the considerable burden of showing conclusively that there is no genuine issue of material fact. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977); Williams v. Bevis, 509 So.2d 1304 (Fla. 1st DCA 1987). Until it is determined that the movant has successfully met this burden, the opposing party is under no obligation to show that there are issues remaining to be tried. Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966).
We agree with Freeman that Fleet Supply failed to carry its initial burden on the motion for summary judgment. Freeman's inability to precisely identify the cause of the brake failure at his deposition, did not mean that Fleet Supply had conclusively demonstrated the absence of a genuine issue of material fact. We are required to view every possible inference in Freeman's favor. See Wills, supra. When so viewed, it is clear that Freeman's failure to point to a specific defect in the brakes is as easily attributable to his limited knowledge of brake systems as it is to the nonexistence of a defect. Certainly, Freeman's testimony did not leave the facts "so crystallized that nothing remain[ed] but questions of law." Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). Accordingly, summary judgment is reversed and the cause remanded.
REVERSED and REMANDED.
WIGGINTON and ALLEN, JJ., concur.