622 So.2d 610 (1993)
Glenn SPRADLEY, Appellant,
v.
Doctor Michael O. STICK and Hamilton County Memorial Hospital, Appellees.
No. 92-727.
District Court of Appeal of Florida, First District.
August 12, 1993.
*611 Glenn Spradley, pro se.
Michael W. Kehoe and Beverly H. Heckler, Fuller, Johnson & Farrell, P.A., Tallahassee, for appellee Hamilton County Memorial Hosp.
PER CURIAM.
Appellant Glenn Spradley, a prisoner in the Florida correctional system, appeals the trial court's entry of summary judgment in favor of appellee Hamilton County Memorial Hospital in appellant's medical malpractice action against appellee and Doctor Michael O. Stick.[1] We reverse and remand.
Appellant filed a medical malpractice complaint alleging that: appellee employed Dr. Stick to remove a growth in appellant's anus; Dr. Stick negligently failed to remove said growth and; appellant suffered continued pain, discomfort, and emotional distress 3 1/2 years subsequent to treatment by Dr. Stick. On July 25, 1991, appellee filed a motion for summary judgment supported by the affidavit of Dr. Richard Zorn stating that he had reviewed appellant's medical records and was of the opinion that neither Dr. Stick nor appellee had deviated from the prevailing standard of professional care in their care and treatment of appellant. The trial court deferred ruling on appellee's motion for summary judgment but by order of August 29, 1991, gave appellant thirty days to counter Dr. Zorn's affidavit. On September 9, 1991, appellant moved the trial court for leave to depose by written questions Doctors Santana and Taylor. The trial court granted appellant's motion. On October 3, 1991, appellant sought leave to file a second amended complaint,[2] and also filed an affidavit stating that he had been unable to procure an expert opinion to counter appellee's motion for summary judgment.
On October 9, 1991, appellee filed a motion to strike the written questions propounded by appellant. On October 11, 1991, appellee moved the trial court for an order sustaining its objections to the form of the questions submitted. Without ruling on appellee's objections to appellant's written deposition questions, the trial court, on October 21, 1991, entered an order granting appellee's motion for summary judgment.
Appellant moved for rehearing on October 22, 1991. On the same date, appellant again moved for leave to depose Dr. Santana and Dr. Taylor, and requested the court to enter an order denying appellee's motion to strike the questions previously propounded. *612 Appellant filed a motion to compel discovery on November 6, 1991. The discovery sought was a response to the questions propounded to Drs. Santana and Taylor.
On December 2, 1991, appellee moved to tax costs against appellant  $400.00 for expert witness fees and $127.95 for photocopying. Appellant objected on the ground that the case was not yet final, and requested additional time to respond as to what items were properly taxable.
The trial court denied appellant's motion for rehearing on January 21, 1992. The trial court also denied appellant's motion to take deposition with written questions (filed October 22, 1991) as moot in light of its entry of summary judgment. The trial court also granted appellee's motion to tax costs. On January 31, 1992, the trial court entered an order dismissing appellant's complaint with prejudice.
On appeal, appellant raises four issues: (1) whether the trial court abused its discretion in granting appellee's motion for summary judgment; (2) whether the trial court abused its discretion in failing to grant appellant's motion for leave to file a second amended complaint; (3) whether the trial court abused its discretion in the taxation of costs; and (4) whether the trial court abused its discretion in entering a final order of dismissal in the absence of a motion therefor?
We agree with appellant's contention that the trial court erred in granting summary judgment for appellee. The movant for summary judgment bears the initial burden of demonstrating by competent evidence the nonexistence of any question of material fact, and only when the movant has satisfied this burden does the burden shift to the opposing party to come forward with evidence to the contrary. Moreover, movant's proof of the nonexistence of a genuine issue of fact must be conclusive, such that all reasonable inferences which may be drawn in favor of the opposing party are overcome. Lenhal Realty, Inc. v. Transamerica Commercial Finance Corp., 615 So.2d 207, 208 (Fla. 4th DCA 1993) (citing Landers v. Milton, 370 So.2d 368, 370 (Fla. 1979); Holl v. Talcott, 191 So.2d 40, 43-44 (Fla. 1966)). In the present case, the only evidence presented in support of appellee's motion for summary judgment was the affidavit of Dr. Zorn which does nothing more than state that Dr. Zorn had reviewed the relevant medical records and was of the view that Dr. Stick and appellee hospital were not negligent. Dr. Zorn's affidavit fails to state with specificity the nature of appellant's condition, the proper treatment for such a condition, or the nature and extent of treatment actually provided by Dr. Stick and appellee hospital. In short, Dr. Zorn's affidavit is nothing more than a bare denial of negligence, such as one would find in an answer to a complaint. This is the same situation encountered in Holl v. Talcott, supra, wherein the supreme court found that the movants' affidavits failed to detail the treatment rendered to plaintiff, failed to detail what caused plaintiff's condition, and therefore failed to remove all doubt that the result was caused by movants' negligence. In Holl, the supreme court ruled that movants' affidavits constituted little more than a denial of liability, and that such was insufficient to shift the burden to plaintiff. Likewise, in the present case, appellee failed to conclusively establish the nonexistence of any fact at issue, and failed to carry its initial burden in the summary judgment procedure. Therefore, appellee was not entitled to summary judgment.
Until it is determined that the movant has successfully met its initial burden, the opposing party is under no obligation to show that there are issues remaining to be tried. Freeman v. Fleet Supply, Inc., 565 So.2d 870 (Fla. 1st DCA 1990) (citing Holl v. Talcott, 191 So.2d 40, 43 (Fla. 1966)). Thus, the trial judge also erred in ruling that appellant's response to Dr. Zorn's affidavit was insufficient to preclude entry of summary judgment for appellee.
Moreover, the trial judge also denied appellant the opportunity to conduct meaningful discovery. The record clearly reflects that appellant was unable to procure *613 responses to his written deposition questions, and that appellee objected to the form of the questions and moved to strike them. The trial court improperly granted summary judgment for appellee without ruling on appellee's objections to the written questions. See Salzberg v. Eisenberg, 368 So.2d 442 (Fla. 3d DCA 1979) (error to enter summary judgment where objections to interrogatories and motion to produce pending).
The questions propounded for Doctors Santana and Taylor represented a reasonable means of discovery necessary to the establishment of appellant's cause of action. The entry of summary judgment absent enforcement of such discovery constituted an abuse of discretion. The general rule is that courts will be reluctant to grant a motion for summary judgment before the parties have had an opportunity to conduct discovery. A & B Pipe and Supply Co. v. Turnberry Towers Corp., 500 So.2d 261 (Fla. 3d DCA 1986); Derosa v. Shands Teaching Hospital and Clinic, Inc., 468 So.2d 415 (Fla. 1st DCA 1985); Cullen v. Big Daddy's Lounges, Inc., 364 So.2d 839 (Fla. 3d DCA 1978). In the present case, because appellant, a prisoner, encountered difficulty in getting answers to his questions, judicial enforcement of discovery was necessary, but lacking.
We turn now to appellant's second issue. Under Florida Rule of Civil Procedure 1.190(a), refusal to allow amendment of a pleading constitutes an abuse of discretion unless it clearly appears that allowing the amendment would prejudice the opposing party; the privilege to amend has been abused; or amendment would be futile. Bill Williams Air Conditioning & Heating, Inc. v. Haymarket Cooperative Bank, 592 So.2d 302, 305 (Fla. 1st DCA 1991) (citation omitted). In light of our analysis of the first issue, and because the pertinent facts and issues have not been properly framed for trial due to the frustration of the discovery process, it is difficult to imagine how appellee would be prejudiced by the filing of a second amended complaint. Therefore, we find that the trial court abused its discretion in denying appellant's motion to file a second amended complaint.
In light of our disposition of the first two issues, the trial court's order taxing costs is necessarily reversed. We decline to address the fourth issue raised.
REVERSED and REMANDED for further consistent proceedings.
ERVIN, SMITH and MINER, JJ., concur.
NOTES
[1] In the proceedings below, appellant was unable to effectuate service of process against Dr. Stick who, therefore, is not a party to this appeal.
[2] The trial court, in fact, never ruled on appellant's motion to file a first amended complaint.