PER CURIAM.
Appellant, a tenant in an apartment owned by appellees, seeks review of an adverse summary judgment on claims alleging battery by an employee of appellees, and negligent hiring and retention of that employee by appellees. We affirm the summary judgment as to the claim for negligent hiring and retention. However, we are constrained to reverse the summary judgment as to the battery claim.
We acknowledge that appellees’ entitlement to a summary judgment on the battery claim is a close question. However, in cases such as this, whether the employee was acting within the scope of his or her employment at the time of the incident giving rise to the claim is normally a question for the trier of fact. Lay v. Roux Laboratories, Inc., 379 So.2d 451 (Fla. 1st DCA 1980). Moreover, to be entitled to a summary judgment, the moving party must demonstrate conclusively that no genuine issue exists as to any material fact, even after all reasonable inferences are drawn in favor of the party opposing the summary judgment. Moore v. Morris, 475 So.2d 666 (Fla.1985); Holl v. Talcott, 191 So.2d 40 (Fla.1966). When reviewing the propriety of a summary judgment, our task is to determine from the record whether a genuine issue exists as to a material fact. “[A]ll doubts as to the existence of a genuine issue of material fact must be resolved against the moving party”; if “the slightest doubt remains,” a summary judgment cannot stand. Fletcher Co. v. Melroe Mfg. Co., 261 So.2d 191, 193 (Fla. 1st DCA 1972).
We are satisfied that no issue exists as to any material fact regarding the claim for negligent hiring and retention. However, on the record before us, we are unable to reach the same conclusion as to the battery claim. Accordingly, we affirm the summary judgment as to the negligent hiring and retention claim; but reverse the summary judgment as to the battery claim, and remand for further proceedings as to that claim.
*607 AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
ZEHMER, C.J., and ALLEN and WEBSTER, JJ., concur.