626 So.2d 263 (1993)
Lorraine M. GREENLEAF and her Husband, Albert M. Greenleaf, Appellants,
v.
AMERADA HESS CORPORATION, a Delaware corporation, Appellee.
No. 92-2930.
District Court of Appeal of Florida, Fourth District.
October 20, 1993.
Rehearing Denied November 24, 1993.
Jack Gale, Port St. Lucie, for appellants.
Shelley H. Leinicke of Wicker, Smith, Tutan, O'Hare, McCoy, Graham & Lane, P.A., Fort Lauderdale, for appellee.
PARIENTE, Judge.
Lorraine M. Greenleaf and her husband, Albert M. Greenleaf, appeal an adverse summary judgment in favor of Amerada Hess Corporation, in what is generically referred to as a slip and fall case. Finding that genuine issues of material fact exist as to negligent maintenance and appellee's constructive notice, we reverse.
Appellee runs a combination self-service gas station and food mart. Appellants had stopped for gas. As appellant Lorraine Greenleaf was returning to her car after paying for the gas in the mart, she slipped on a substance identified, alternatively, as water with oil, clear oil or oil. According to the deposition testimony of appellant Lorraine Greenleaf, the spill was only five to six feet from the glass door of the mart where appellee's employee could potentially see the spill and was large enough that she was "soaked" when she fell in it.
In addition, Lois Barker, appellee's former employee who was on duty at the time, testified in her deposition that cleaning of the exterior of the premises was supposed to be done nightly, but that no one usually inspected to insure that this had occurred. She also testified that because she was "pretty sure I was by myself" on the specific day appellant Lorraine Greenleaf was injured, no one would have checked to see if the pump area had been cleaned the previous night. If this was ever done, the manager would be the person doing the inspection. During the day, appellee's employees never went outside to clean up or inspect, venturing outside the store to clean up only if a customer advised the employees of a spill. Portions of appellee's operations manual pertaining to cleaning of the premises and training of the employees were produced and in the record. The testimony of Barker established variations between actual practice and the procedures set forth in the operations manual, it appearing that appellee's procedures were observed only in the breach.
*264 On the other hand, appellant Lorraine Greenleaf had opined in deposition testimony that it did not appear that the substance had been there for a long time. She further speculated that a car had parked there after she went into the store and someone must have obtained a can of oil and improperly poured the oil into the car, which caused the spill. Her speculation as to what occurred, in and of itself, cannot be used to defeat her claim on summary judgment, where other competent evidence exists to support an inference of appellee's actual or constructive notice of the dangerous situation. All evidence and inferences must be construed in favor of the non-moving party. O'Connell v. Walt Disney World Co., 413 So.2d 444 (Fla. 5th DCA 1982). Similarly, evidence of the appellee's negligence alone will not allow entry of a summary judgment. Stetler v. Estate of Patterson, 595 So.2d 579 (Fla. 4th DCA 1992).
On the record presented to the trial court, appellee did not successfully carry its burden of conclusively demonstrating that there was no existing genuine issue of material fact as to the critical question of constructive or actual notice. Moore v. Morris, 475 So.2d 666 (Fla. 1985); Ress v. X-Tra Super Food Centers, Inc., 616 So.2d 110 (Fla. 4th DCA 1993). While there was a dispute as to how long the dangerous condition existed, the fact that an employee may be able to see the location of a puddle from his or her workplace has been held to be some circumstantial evidence of constructive knowledge of the condition's existence. See Winn Dixie Stores, Inc. v. Guenther, 395 So.2d 244, 246 (Fla. 3d DCA 1981). In addition, a lack of inspection for spills can circumstantially help establish constructive knowledge of the existence of the spill for the time period since the last inspection, when coupled with other circumstantial evidence. See Teate v. Winn Dixie Stores, Inc., 524 So.2d 1060 (Fla. 3d DCA), rev. denied, 534 So.2d 402 (Fla. 1988). The fact that this is a gas station operation also may impose certain inspection and maintenance requirements on the operator different from the operator of a supermarket. See e.g., Cain v. Brown, 569 So.2d 771 (Fla. 4th DCA 1990); Simpson v. Simpson, 232 So.2d 249 (Fla. 1st DCA 1970).
On appeal, the appellants additionally contend that summary judgment was prematurely granted prior to the expiration of discovery. Although a year had passed since the appellants had filed suit, appellants assert it was appellee's delaying tactics that caused discovery to be so protracted. From a review of the limited record before us, there appears to be support for appellants' position.[1] The general rule is that courts will be reluctant to grant a motion for summary judgment before the parties have had an opportunity to complete discovery. Danna v. Bay Steel Corp., 445 So.2d 704 (Fla. 4th DCA 1984); Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993); Moore v. Freeman, 396 So.2d 276 (Fla. 3d DCA 1981); Cullen v. Big Daddy's Lounges, Inc., 364 So.2d 839 (Fla. 3d DCA 1978); Commercial Bank of Kendall v. Heiman, 322 So.2d 564 (Fla. 3d DCA 1975). Although appellants refer to the necessity of locating other employees who may have been on the premises; appellants have not specified what discovery, in the form of interrogatories, requests to produce or depositions, remain to be completed. Similarly, they did not formally move for a continuance of the summary judgment hearing. Since we find on the record presented that a material issue of fact exists, we need not reach the issue of whether summary judgment was prematurely entered before the completion of meaningful discovery.
Accordingly, we reverse the summary judgment and remand this cause for further proceedings.
FARMER, J., and DOWNEY, JAMES C., Senior Judge, concur.
NOTES
[1] As an example, defendant objected to production of video tapes used by defendant to train its employees about cleaning up spills over a month after the request was filed, claiming trade secrets, even though defendant had previously been ordered to disclose materials (the station owner's manual) that defendant claimed contained trade secrets. After the trial court overruled the objections, the appellee then filed its response stating that there were no video tapes responsive to the request for production. Such actions constitute discovery abuses and improper delaying tactics.