634 So.2d 1113 (1994)
Cecil Robert JOHNSON, Appellant,
v.
DEEP SOUTH CRANE RENTALS, INC., a Florida Corporation, and James Allen Reinhardt, Appellees.
No. 92-4244.
District Court of Appeal of Florida, First District.
April 7, 1994.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Kerrigan, Estess, Rankin & McLeod, Pensacola, for appellant.
Timothy P. Shusta of Hayden & Milliken, P.A., Tampa, for appellees.
ALLEN, Judge.
Cecil Robert Johnson challenges an amended final judgment entered pursuant to an order granting summary judgments for the appellees, who were defendants in his negligence action. Because the presence of genuine issues of material fact precluded entry of summary judgment, we reverse.
On the evening of January 10, 1989, appellee James Allen Reinhardt was driving a 22-ton truck-mounted mobile crane owned by appellee Deep South Crane Rentals, Inc. Reinhardt pulled out of a convenience store onto a rural stretch of U.S. 90 in Milligan and was traveling approximately 20 miles per hour in the 45 miles-per-hour speed zone when he was struck from the rear by Johnson, who was traveling approximately 40 miles per hour. Johnson filed suit against Deep South and Reinhardt, alleging that negligent maintenance and/or operation of the crane caused him to run into the crane and sustain serious injury.
The law in Florida on granting summary judgment in negligence actions is firmly established:
Summary judgments should be cautiously granted in negligence and malpractice suits. The law is well settled in Florida that a party moving for summary judgment must show conclusively the absence *1114 of any genuine issue of material fact and the court must draw every possible inference in favor of the party against whom a summary judgment is sought. A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law.
Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985) (citations omitted). The depositions submitted by the appellees in support of their motion indicate that the adequacy of the lighting of the crane was in dispute. Although one witness to the accident indicated that the crane was equipped with "normal" head and taillights, Johnson testified that he was driving alertly and never saw any lights. There is also a question as to whether the crane was properly equipped with the required reflectors and clearance and marker lights. Deep South's maintenance shop foreman stated that his inspection of the crane at the accident site revealed that the clearance lights were not working, and expert testimony of James D. Anderson, Jr. indicated that the failure of these lights contributed substantially to the accident. Because these documents on their face raise an issue as to the adequacy of the truck's lighting as a substantial cause of the accident, we conclude that the appellees failed to meet the initial burden of demonstrating an absence of genuine issues of material fact. See, e.g., Freeman v. Fleet Supply, Inc., 565 So.2d 870, 871 (Fla. 1st DCA 1990).
Furthermore, any doubt as to the merits of the appellees' motion should have been dispelled by the affidavits in opposition. Johnson unequivocally stated that the truck was either not lit or so poorly lit that it could not be seen from a short distance. Likewise, expert Tom Verge stated that the lack of rear reflectors and lack of clearance and marker lights were a substantial contributing cause of the accident, and that even with operational lights and reflectors, it was unreasonably dangerous to have operated the crane without additional warning lights or an escort vehicle. The officer who investigated the accident also cited the crane's lack of proper lights and raised the additional issue that the driver of the crane failed to yield the right-of-way.
The appellees argue that summary judgment is appropriate because, as the driver of the rear-ending vehicle, Johnson's negligence was the sole proximate cause of the accident. The appellees rely on a line of cases recognizing that a rebuttable presumption of negligence attaches to the driver of a vehicle that runs into the back of another vehicle. See, e.g., Gulle v. Boggs, 174 So.2d 26 (Fla. 1965). The appellees assert that Johnson offered no evidence to rebut the presumption of negligence and thus the court could properly apply the presumption to find his negligence was the sole proximate cause of the accident as a matter of law. However, in Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023 (Fla. 1st DCA 1991), we explained that even where the rear vehicle driver may be negligent, the front vehicle driver is not necessarily free from negligence as a matter of law. Thus, even if the presumption of negligence applies in this case to show that the appellant was negligent, it does not warrant granting summary judgment on the basis that the appellees are therefore free from negligence.
We reverse the judgment for the appellees and remand for further proceedings.
BOOTH and WEBSTER, JJ., concur.