647 So.2d 235 (1994)
James Olen PATE, Appellant,
v.
Rich GILMORE, Appellee.
No. 93-3332.
District Court of Appeal of Florida, First District.
November 16, 1994.
Raymond L. Syfrett, Panama City, for appellant.
John M. Fite of Barron, Redding, Hughes, Fite, Bassett & Fensom, P.A., Panama City, for appellee.
PER CURIAM.
The appellant, James Olen Pate, seeks reversal of a summary judgment entered against him in his negligence suit filed against the appellee, Rich Gilmore, for damages resulting when Gilmore's horse wandered onto a public roadway. Finding that summary judgment was improperly granted, we reverse and remand for further proceedings below.
Rich Gilmore owned and boarded several horses in Bay County in September 1988. Tending to those horses on a daily basis was a young woman, Kimberly Rolan, who was permitted to board her horse without charge in return for her services as a stable hand. On September 27, 1988, one of the horses owned by Gilmore escaped through an open gate and made its way to a public roadway. Pate was travelling down that roadway and struck the horse allegedly causing injury to Pate and damage to his vehicle. Pate subsequently filed a negligence suit against Gilmore, as indicated, and Gilmore moved for summary judgment arguing that the stable hand worked as an independent contractor, and so any negligence on her part could not be the basis for assessment of liability against Gilmore. Gilmore also argued that Rolan was not herself negligent, since it was *236 a delivery man who left the gate open, and Gilmore argued that there was no negligence alleged on his part individually which could serve as the basis for liability.
Following a hearing, the lower court granted the motion for summary judgment finding that Rolan was an independent contractor and not an employee of Pate. Finding Rolan to have worked as an independent contractor, the lower court therefore concluded that liability on the part of appellee was not possible under the theory of respondeat superior. The lower court further found that the facts of record, as established, did not support the allegation that Rolan herself was negligent, since the lower court accepted the deposition testimony of Rolan that it was the actions of the delivery man in leaving the gate open which allowed the horse to escape. Noting there is no strict liability under Florida law for injury caused by livestock, the lower court therefore concluded that there was no basis in the complaint for a finding of liability on the part of Rich Gilmore.
There is abundant authority indicating that summary judgment is proper only when there is no genuine issue of material fact and when the law favors the movant for summary judgment. Wills v. Sears, Roebuck & Co., 351 So.2d 29 (Fla. 1977). Generally speaking, questions of negligence are answerable by a jury, Clark v. Lumbermans Mutual Insurance Co., 465 So.2d 552 (Fla. 1st DCA), rev. denied, 476 So.2d 673 (Fla. 1985), and therefore, a summary judgment should be granted "cautiously" in a negligence case. Moore v. Morris, 475 So.2d 666, 668 (Fla. 1985). In the same vein, it is well-established that the question of an employer/employee relationship is generally a question of fact, and therefore a question for the trier of fact. DeBolt v. Department of Health and Rehabilitative Services, 427 So.2d 221 (Fla. 1st DCA 1983); Saudi Arabian Airlines Corp. v. Dunn, 438 So.2d 116 (Fla. 1st DCA 1983).
At least several issues of material fact appear from our review of even the limited record of this case. For example, it is a question of fact whether the skill required of Rolan, as a part-time stable hand, is the degree of skill ordinarily associated with an independent contractor or an employee and whether Rolan's use of Gilmore's tools in the performance of her duties as stable hand is more consistent with the status of an employee rather than that of an independent contractor. See, Restatement (Second) of Agency § 220 and Comments (1958); see also, Kane Furniture Corp. v. Miranda, 506 So.2d 1061 (Fla. 2d DCA 1987), and Alexander v. Morton, 595 So.2d 1015 (Fla. 2d DCA 1992).
Accordingly, we agree with the appellant that the facts of the instant case are not so sufficiently developed as to entitle the lower court to conclude, as a matter of law, that Rolan worked as an independent contractor. Also, we find it was error for the lower court to conclude as a matter of law that Rolan herself was not negligent; such an issue should also be considered by the trier of fact. Clark v. Lumbermans Mutual Insurance Co., supra. While we have made no judgment as to the validity of the appellant's underlying case, we nevertheless agree that summary judgment was improperly granted at this stage of the proceedings. We therefore remand for further proceedings below.
REVERSED and REMANDED.
KAHN, MICKLE and VAN NORTWICK, JJ., concur.