676 So.2d 984 (1996)
Lonnie DAVIS, as Personal Representative of the Estate of Rickie Alan Davis, Appellant,
v.
CHIPS EXPRESS, INC., and Tommy Gene Armstrong, Appellees.
No. 94-4342.
District Court of Appeal of Florida, First District.
March 20, 1996.
Rehearing Denied August 8, 1996.
*985 Sam D. Hart, Jr. and Clark Fletcher of the Law Offices of Clark Fletcher, Panama City, for Appellant.
Francis J. Carroll, Jr. and Robert N. Miller of Boehm, Brown, Rigdon, Seacrest & Fischer, P.A., Daytona Beach, for Appellees.
JOANOS, Judge.
Lonnie Davis, appellant/plaintiff, appeals an order granting summary final judgment to appellees/defendants in her negligence action. Because the record reveals the existence of genuine issues of material fact remain for resolution, we reverse and remand for further proceedings.
Appellant is the personal representative of the estate of Rickie Alan Davis, the driver of a tractor-trailer rig who sustained fatal injuries in a collision with a tractor-trailer rig owned by Chips Express, Inc., and driven by Tommy Gene Armstrong. The collision occurred April 27, 1991, at 12:30 a.m. on Interstate Highway 10 (I-10) in Gadsden County, Florida. The collision occurred shortly after Armstrong stopped in the emergency lane for a non-emergency purpose. Prior to re-entry onto the highway, Armstrong turned on his left turn indicators and drove along the emergency lane until two oncoming rigs moved into the left lane, at which point he pulled onto the highway. Shortly afterwards he was struck in the rear by the oncoming Davis vehicle. Armstrong and his passenger escaped injury; Davis died at the accident scene. Appellant, Davis's wife and appointed personal representative, filed suit against Chips Express and Armstrong, alleging negligent operation or maintenance of the Chips vehicle. After discovery, appellees filed a motion for summary judgment with a supporting memorandum of law, asserting that *986 appellant failed to offer any explanation or inference sufficient to overcome the presumption of negligence which attaches to the driver who rear-ends another vehicle.
A party moving for summary judgment must prove conclusively the absence of any genuine issue of material fact and the court must draw all reasonable inferences in favor of the party against whom a summary judgment is sought. "A summary judgment should not be granted unless the facts are so crystallized that nothing remains but questions of law." Moore v. Morris, 475 So.2d 666, 668 (Fla.1985). See also Johnson v. Deep South Crane Rentals, Inc., 634 So.2d 1113, 1113 (Fla. 1st DCA 1994); Henderson v. CSX Transportation, Inc., 617 So.2d 770, 773 (Fla. 1st DCA 1993). Particular caution should be exercised in the grant of summary judgment in negligence or malpractice actions. Moore v. Morris, 475 So.2d at 668; Pate v. Gilmore, 647 So.2d 235 (Fla. 1st DCA 1994); Johnson, 634 So.2d at 1113; Sharpe v. Howell, 629 So.2d 314 (Fla. 1st DCA 1993), review denied, 641 So.2d 1346 (Fla.1994); Tisdale v. BP Oil Company, 622 So.2d 586 (Fla. 1st DCA 1993). "When reviewing the propriety of a summary judgment, the court's task is to determine from the record whether a genuine issue exists as to a material fact." Williams v. Roth, 622 So.2d 606 (Fla. 1st DCA 1993).
In actions involving motor vehicle collisions, a rebuttable presumption of negligence attaches when the driver of a following vehicle strikes the lead vehicle. Dania Jai-Alai Palace, Inc. v. Sykes, 450 So.2d 1114, 1116 (Fla.1984). The presumption will entitle the lead vehicle to a directed verdict when the driver of the following vehicle is unable to provide a reasonable explanation for the collision. Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023, 1024 (Fla. 1st DCA 1991). To create a jury issue, the following driver is not required to prove that the accident was unavoidable. "It is only necessary for the following driver to offer a substantial and reasonable explanation for his actions." Sistrunk v. Douglas, 468 So.2d 1059, 1060 (Fla. 1st DCA 1985).
The presumption of negligence may be rebutted by evidence of mechanical failure, an unexpected lane switch by the lead vehicle, or an illegal and thus unexpected stop by the lead vehicle. Klipper v. GEICO, 622 So.2d 1141, 1143 (Fla. 2d DCA 1993); Liriano v. Gonzalez, 605 So.2d 575, 576 (Fla. 3d DCA 1992). Evidence that the lead vehicle was traveling slower than the posted speed may entitle the finder of fact to conclude that the following vehicle was not the sole cause of the accident. Chadbourne, 590 So.2d at 1024. Similarly, evidence that the lead vehicle unexpectedly decelerated may constitute a "substantial and reasonable explanation" for the following vehicle's inability to stop prior to striking the lead vehicle. Sistrunk, 468 So.2d at 1060.
The depositions and affidavits submitted by appellees in support of their motion for summary judgment and the opposing affidavits submitted by appellant, indicate that disputed issues of fact exist with respect to whether the possibly inadequate lighting and the slow speed of the Chips vehicle were causative factors in the collision. Armstrong's deposition and affidavit establish that he conducted a walk-around inspection of the Chips truck and trailer, and determined that all of the lights were working properly. However, the engineering expert retained by appellees examined the Chips trailer after the accident and determined that while three of the five running lights closest to the left side of the trailer would conduct electric current, the two bulbs closest to the right side would not burn. The tail lamps were gone from the left rear of the trailer when the expert conducted his inspection, but he was unable to state with any certainty why the lamp was not attached to the vehicle.
As to the speed of the Chips vehicle, the record demonstrates that Armstrong stopped his tractor-trailer rig in the westbound emergency lane of I-10 for a non-emergency purpose. There is evidence that he re-entered the highway at a speed less than the posted minimum speed while hauling a load of wood chips which weighed at least 79,000 to 80,000 pounds. Appellant's expert affidavit indicates that lighting systems such as those on the Armstrong vehicle do not provide adequate *987 information for following vehicles to evaluate the rate of speed change between the vehicles. Consequently, slow-moving vehicles pose a danger to approaching vehicles.[1]
Appellees contend they are entitled to the presumption that the rear vehicle was solely responsible for the accident as a matter of law, because appellant failed to provide a substantial and reasonable explanation for the accident. We cannot agree as a matter of law with this premise in regard to the record before us. Rather, we conclude the slow speed of the lead vehicle, together with evidence of the possible malfunction of lights on the rear of the Chips trailer and the reasonable inferences that might be drawn therefrom, constitute genuine issues of material fact which should be decided as a matter of fact not law.
Accordingly, we reverse the order granting summary final judgment in favor of appellees, and remand this cause for further proceedings.
MICKLE and VAN NORTWICK, JJ., concur.
NOTES
[1] Logic dictates that this danger is increased by the limited visibility posed by night driving. Further, the acknowledged weight of the Chips vehicle would impair its ability to attain normal highway speed in a short period of time.