741 So.2d 591 (1999)
Scott HERIG d/b/a Scott Herig Management, Appellant,
v.
AKERMAN, SENTERFITT & EDISON, P.A., Christopher R. Qualmann, Esquire, Appellees.
No. 98-1947.
District Court of Appeal of Florida, First District.
September 3, 1999.
Rehearing Denied October 6, 1999.
*592 J. Alfred Stanley, Jr., of Meyers, Mooney, Meyers & Stanley, Jacksonville, for Appellant.
Charles P. Pillans, III of Bedell, Dittmar, DeVault, Pillans & Coxe, Jacksonville; and Joseph P. Milton, of Milton, Leach & D'Andrea, P.A., Jacksonville, for Appellees.
PER CURIAM.
Herig raises two issues in the instant appeal from final judgment in this legal malpractice action. First he argues that the trial court erred in granting appellees' motion for summary judgment and then that the trial court abused its discretion in denying his motion to amend his complaint. We affirm on both issues, but we decline to discuss the latter claim.
Appellant filed a complaint seeking money damages against appellees alleging that Qualmann, while acting as an agent/employee of the law firm was negligent in preparing a personal management agreement. The contract provided that appellant would manage a minor's musical career and appellant would be paid a percentage of the minor's gross earnings. On July 19, 1990, the minor's parents as his "parents, legal guardians and next friends" entered into the agreement with appellant. The minor was not a signatory of the agreement. Subsequently, the minor's grandfather, who was appointed legal guardian of the minor's property long after the agreement was signed, notified appellant that the minor had elected to void the contract. Appellant responded by filing a declaratory judgment action against the legal guardian, the minor, and his parents in which he argued that the contract was valid because parents, as a matter of Florida law, are entitled to the earnings of their children and consequently could contract away a portion of those earnings. The trial court, however, ultimately granted summary judgment in favor of the minor, who argued that a personal services contract entered on a minor's behalf by his parents, which had not been approved by a court, is voidable at the minor's election. Appellant did not appeal the decision.
On January 31, 1995, appellant filed a legal malpractice complaint against appellees *593 in which he alleged Qualmann was negligent for having failed to advise him that it was legally necessary to have a guardian appointed for the minor and have the contract approved by the court to prevent the agreement from being voided by the minor. Shortly before the trial date, the court heard appellees' motion for summary judgment. Relying on Crosby v. Jones, 705 So.2d 1356 (Fla.1998), appellees argued that the legal advice given by Qualmann at the time the personal management agreement was signed was in an unsettled area of law and the advice was made on a fairly debatable point of law. At the outset of the hearing, appellant filed a motion for leave to amend the complaint in order to plead new theories of liability, and the court determined to hear appellant's motion at a later date.
The court subsequently granted appellees' motion for summary judgment and denied the motion for leave to amend the complaint. With regard to appellees' motion, the court found that under Crosby v. Jones, the court has the duty to determine the law and whether a particular legal issue was or is an unsettled area of law. Accordingly, the court concluded that before the 1995 enactment of Florida's Child Performer and Athletic Protection Act the question of how, under Florida law, to protect the contractual rights of a party contracting to provide artistic career management to a minor was an unsettled area of law. Noting that whether Qualmann had acted in good faith and made a diligent inquiry into the law was not disputed, the court found that an attorney who acts in good faith and makes diligent inquiry into an area of law cannot be held liable for providing legal advice or taking action in an unsettled area of law.
"Summary judgment is only appropriate when the movant has shown conclusively that no genuine issues of material fact remain; every inference is drawn in favor of the party against whom summary judgment is sought." White v. Whiddon, 670 So.2d 131, 133 (Fla. 1st DCA 1996). This court has further advised that "[p]articular caution should be exercised in the grant of summary judgment in negligence or malpractice actions." Davis v. Chips Express, Inc., 676 So.2d 984, 986 (Fla. 1st DCA 1996). The appellate court's task in reviewing an order of summary judgment is to determine whether a genuine issue of material fact exists. Id.
The complaint in the instant case alleged that Qualmann was negligent for failing to advise appellant that it would be legally necessary to have the minor's parents or someone else appointed as his guardian and obtain court approval of the agreement to prevent the agreement from being voided by the minor. It is true that at the time Qualmann drew up the contract there was no statute or case law governing artistic management contracts of minors per se. At that time, however, the law in Florida had long been established that parents are entitled to both the services and earnings of their children. See Youngblood v. Taylor, 89 So.2d 503 (Fla.1956); Wilkie v. Roberts, 91 Fla. 1064, 109 So. 225, 227 (1926) ("The father's right to the custody, companionship, services, and earnings of his minor child are valuable rights, constituting a species of property in the father, a wrongful injury to which by a third person will support an action in favor of the father."); Jackson v. Citizens' Bank & Trust Co., 53 Fla. 265, 44 So. 516 (1907); 25 Fla. Jur.2d Family Law § 81 (1992); 59 Am.Jur.2d Parent and Child § 37 (1987); Florida Guardianship Practice § 22.7 (3d ed.1998). Accordingly, a parent may require a minor child's services at home or in the parent's business, and the parent may allow the child to work for others. Id. The earnings of a minor, thus, do not belong to the minor; they are the property of the parents, and parents may give up all or part of this entitlement. Id. That this was the law in Florida at the time the agreement was executed is not in dispute. In fact in his previous declaratory judgment action, appellant argued this same basis for the validity of the agreement. *594 The only exception to this general rule is if the contract is approved by the court under the Child Performer and Athlete Protection Act to make the minor's earnings the property of the minor. See § 743.08(3)(b), Fla. Stat. ("If a contract... is so approved, all earnings, royalties, or other compensation earned or received by the minor pursuant to said approved contract shall become the property of the minor."). This Act, however, was not passed until several years after the agreement was signed.
At the outset of its opinion in Crosby, the court stated its conclusion that the issue of whether Crosby exercised reasonable judgment in providing legal services in an unsettled area of law should be decided "as a matter of law because there was legal justification for Crosby's exercise of judgment." 705 So.2d at 1357. The court stated that although an attorney "may be held liable for damages incurred by a client based on the attorney's failure to act with a reasonable degree of care, skill, and dispatch[,]" "[g]ood faith decisions or decisions made on a fairly debatable point of law are generally not actionable under the rule of judgmental immunity." Crosby, 705 So.2d at 1358. The agreement in the instant case was signed by the parents as "parents" of the minor and it ascribed a portion of the minor's earnings from the minor's musical career, which by law belonged to the parents, to appellant for his management of the minor's career. Although at the time Qualmann drafted the contract, there was no "settled" method under Florida law for drafting a personal management agreement of a minor, there was an ample and well established basis in Florida law, as demonstrated above, for Qualmann's having drafted the management agreement for a portion of the minor's earnings with the parents of the minor. As the court in Crosby stated, "[t]his is exactly the type of situation that the error in judgment rule was designed to cover." Id. See Kaufman v. Stephen Cahen, P.A., 507 So.2d 1152 (Fla. 3d DCA 1987). Accordingly, we affirm the trial court's grant of summary judgment to appellees, and we affirm appellant's second issue without discussion.
MINER, BENTON and BROWNING, JJ., CONCUR.