PER CURIAM.
Appellant Ray’s Plumbing challenges a summary final judgment in favor of Trujillo Construction in which the trial court ruled that appellant’s acceptance, as contractor, of construction work completed by the appellee, as subcontractor, absolved appellee from any liability for injuries allegedly sustained by a third party at a construction site. At issue here is the applicability of the “completed and accepted” rule of Baader v. Looby, 126 So.2d 745 (Fla. 3d DCA 1961), relied upon by the trial court in its ruling. For the reasons that follow, we find that unresolved factual issues preclude summary judgment under the rule at this stage of the proceedings, and therefore reverse.
Arthur May, plaintiff below, filed a negligence action against both appellant and appellee, alleging that he sustained injuries when he stepped into a hole in the ground at the construction site where defendants had done work. May alleged that defendants were negligent in creating and leaving the hole on the property without filling or covering it, or providing an enclosure or barrier or otherwise marking or warning of the hole. Affidavits and other documents were filed, from which it appears that appellant contracted with ap-pellee for the performance of “jack-in-bores” at the site, and that the hole in question was a small hole dug by appellee “adjacent to the roadway and gate” at the project “for the apparent purpose of locating an underground line to prevent its rupture” by appellee during its work.[1] Appellant’s project manager’s affidavit states that he was not informed of the hole’s existence by Trujillo, and that to his *1088 knowledge no employee of Ray’s was aware of the presence of the hole until after the accident. He further stated that the hole was not contemplated within the contract between the parties, and it was “not a hole that required dewatering [sic], pit excavation, backfilling, compacting or layout as contemplated in the contract between the parties.”[2]
In the summary judgment, the trial court noted that the accident took place several days after appellee left the job site, and that appellant had paid the appellee and accepted the work. As mentioned above, the court applied the rule expounded in Baader, supra, and other cases, whereby one who performs work under a contract at a construction site will ordinarily not be held liable to third persons injured at the project after the work is completed and accepted by the contracting party. See also Seitz v. Zac Smith & Company, 500 So.2d 706 (Fla. 1st DCA 1987). However, this “completed and accepted” rule is not without exceptions, as when the completed work presents a dangerous condition that is unknown to the accepting party, and not discoverable by a reasonable inspection. See e.g., Slavin v. Kay, 108 So.2d 462 (Fla.1959); Simmons v. Owens, 363 So.2d 142 (Fla. 1st DCA 1978).
We find the discussion in Slavin instructive. In order for the rule to apply so as to relieve its creator of liability the defective or dangerous condition causing injury must be one as to which the acceptor is “chargeable with knowledge”; and the liability of the creating party is terminated “only so far as the acceptor is to assume responsibility” (emphasis deleted). Slavin, at 467. As the Slavin court noted, liability based on this rule is determined by the consideration of the “nature of the defect,” and the “opportunity for discovery.” Id. Here, the pertinent facts as to the nature of defect and opportunity for discovery, while only marginally developed, nevertheless must be viewed in the light most favorable to the appellant, whose affidavit emphasizes that the hole in question was adjacent to the roadway and gate at the project, was not something that was contemplated within the work to be performed by appellee under the contract, and the existence of which was not within appellant’s knowledge. There is no factual showing that digging the hole in question was necessarily or customarily required as a part of, or even appropriate as an incident to, the performance of the “jack-in-bores” by appellee.
A summary final judgment is appropriate only when the moving party demonstrates that there are no genuine issues of material fact, and in addressing this issue the court must construe all inferences against the moving party. Greenleaf v. Amerada Hess Corp., 626 So.2d 263 (Fla. 4th DCA 1993); Spradley v. Stick, 622 So.2d 610 (Fla. 1st DCA 1993). Because the factual underpinnings are critical, cases such as Greenleaf and Spradley caution that the courts should be reluctant to grant summary judgment before the opposing party has an adequate opportunity for meaningful discovery. See also Smith v. Smith, 734 So.2d 1142 (Fla. 5th DCA 1999). In opposing summary judgment below, appellant’s counsel emphasized to the court that discovery in the case was “still in its infancy,” no depositions had yet been taken, and that it was premature to grant summary judgment. We agree with appellant that it was error to grant summary judgment before allowing appellant an opportunity for meaning *1089 ful discovery. We further conclude that there are no uncontroverted facts which would justify summary judgment as a matter of law, and that the existence of unresolved factual issues precludes summary judgment at this stage.
The order appealed is REVERSED and the case is remanded for further proceedings.
VAN NORTWICK and POLSTON, JJ., and SMITH, LARRY G., Senior Judge, concur.

. Quotes are from the affidavit of appellant’s project manager. Further details as to the exact location, size, or description of the hole, its proximity to or connection with the work actually contemplated under the contract are absent from the record here. Appellant maintains in its memorandum in opposition to summary judgment that the hole was "some distance" from the area where appellee was performing its work under the contract.

. The quoted statement was no doubt in refutation of an assertion in appellee’s affidavit that this part of the work was Ray's obligation under the contract.