370 So.2d 87 (1979)
Edward Richard SHORES, As Personal Representative of the Estate of Jessie Ruth Shores, Deceased, Appellant,
v.
Norbert WEGMANN, M.D., Individually and As an Agent of the Washington County Hospital, Appellee.
No. LL-81.
District Court of Appeal of Florida, First District.
May 1, 1979.
Rehearing Denied May 18, 1979.
Paul G. Komarek of Mann & Komarek, P.A., Lynn Haven, for appellant.
J. Robert Hughes of Barron, Redding, Boggs & Hughes, Panama City, for appellee.
PER CURIAM.
Shores appeals a final summary judgment entered in favor of appellee, Dr. Wegmann. Shores argues that summary judgment was not proper because appellee failed to conclusively show that Wegmann exercised the degree of skill or care consistent with the standards of his community or of a comparable community in rendering medical care to the decedent. We agree and reverse.
A careful reading of the record shows that it is silent with regard to whether *88 Wegmann exercised the degree of skill required to preclude liability. A record that is silent on a determinative issue of fact forecloses summary judgment, for the movant's burden is to show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979). Reversed and Remanded.
MELVIN, Acting C.J., and BOOTH and LARRY SMITH, JJ., concur.