517 So.2d 41 (1987)
Deborah JANCISKO, F/K/a Deborah Burton Porter, Appellant,
v.
Joseph S. LEVY, M.D., Joseph S. Levy, M.D., P.A., and Dr. Lynette Sieracki, Appellees.
No. 87-334.
District Court of Appeal of Florida, Third District.
December 1, 1987.
Rehearing Denied January 22, 1988.
Murray P. Yanks, James C. Blecke, Miami, for appellant.
Blackwell, Walker, Fascell & Hoehl, Conrad, Scherer & James and Bonnie Eyler, Ft. Lauderdale, for appellees.
Before HENDRY, NESBITT and FERGUSON, JJ.
PER CURIAM.
The final summary judgment entered in favor of defendants Joseph S. Levy, M.D., and Lynette Sieracki, D.O., in this medical malpractice action, is reversed. We reach this result because genuine issues of material fact were raised in the record to withstand defendants' motion for summary judgment.
Expert testimony, supported by discovery on file, questioned the standard of health care services rendered to Deborah Jancisko. The pleadings and depositions also raised substantial fact issues as to whether the injury suffered by Miss Jancisko was due to a negligent retraction of her brachial plexus during surgery by doctors Levy and Sieracki. Consequently, whether or not the physicians exercised the required degree of care was a question of fact precluding summary judgment. Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Shores v. Wegmann, 370 So.2d 87 (Fla. 1st DCA 1979). Where material issues of fact are raised, a resolution by trial is necessary. Public Health Trust of Dade County v. Valcin, 507 So.2d 596 (Fla. 1987); see Atkins v. Humes, 110 So.2d 663 (Fla. 1959). Florida law has long provided:
If the evidence is conflicting or will permit of different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to a jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the Court as a question of law.
Saunders v. Lischkoff, 137 Fla. 826, 188 So. 815, 820 (1939). By not establishing there was no genuine issue as to any material fact, the defendants below failed to satisfy their burden of proof in order to be entitled to a summary judgment. See Holl, 191 So.2d at 43; Gruber v. Mt. Sinai Hospital of Greater Miami, 487 So.2d 76 (Fla. 3d DCA 1986); Williams v. Florida Realty & Management Co., 272 So.2d 176 (Fla. 3d DCA 1973). The summary judgment herein is reversed and the cause remanded for further proceedings consistent with this opinion.
Reversed.