617 So.2d 775 (1993)
Gwendolyn KAO and Yuan Kao, her husband, Appellants,
v.
Luis J. LAUREDO, Appellee.
No. 92-962.
District Court of Appeal of Florida, Third District.
April 27, 1993.
*776 Keith Chasin, Miami, for appellants.
Kubicki, Draper, Gallagher & McGrane and Gail Leverett, Miami, for appellee.
Before JORGENSON, GERSTEN and GODERICH, JJ.
PER CURIAM.
Gwendolyn Kao, the plaintiff below, braked because the vehicle in front of her was quickly stopping. Her vehicle skidded, but she was able to stop without hitting the vehicle in front of her. After her vehicle stopped, it was still lawfully situated on the southbound lane. After successfully stopping her vehicle, the defendant rear-ended Gwendolyn's vehicle. This caused her vehicle to strike the vehicle in front of her, which then caused that vehicle to strike the vehicle in front of it.
The accident took place on a southbound lane of LeJeune Road at approximately 5:40 p.m. in heavy stop and go traffic on a rainy day. The defendant testified that prior to the accident, he had been following Gwendolyn for approximately one and one half blocks (1 1/2), that he was not going more than 20-30 miles per hour due to the driving conditions, that he was driving more cautiously than normal due to the rain, that Gwendolyn stopped abruptly and that he was not expecting such an abrupt stop, and that if the pavement would have been dry, he would have had plenty of room to stop.[1] Moreover, the defendant testified that immediately before the accident he had already started to brake because he saw a lady and a dog run across the northbound lanes out of his "quasi-peripheral vision."
The plaintiffs, Gwendolyn and her husband, moved for a directed verdict as to the defendant's liability arguing that there is a presumption of negligence in a rear-end collision. The defendant argued that the presumption had been rebutted with testimony that indicated that Gwendolyn stopped in an abrupt manner. The trial court denied the motion.
The plaintiffs also moved for a directed verdict on the issue of Gwendolyn's comparative negligence arguing that there was no evidence that she acted carelessly or negligently. The trial court denied the motion. The plaintiffs also requested that the jury be instructed on the presumption of negligence in a rear-end collision. The trial court denied the request.
The jury returned a verdict finding that the defendant was not negligent. The plaintiffs filed a motion for judgment notwithstanding the verdict, a renewed motion for directed verdict and a motion for new trial. The motions were denied. This appeal follows.
The plaintiffs argue that the trial court erred in denying their renewed motion for directed verdict. We agree.
In a rear-end collision, there is a presumption of negligence on the part of the rear driver. The defendant, however, may rebut this presumption by "produc[ing] *777 evidence that fairly and reasonably shows that he was not negligent." Pierce v. Progressive Am. Ins. Co., 582 So.2d 712 (Fla. 5th DCA), review denied, 591 So.2d 183 (Fla. 1991) (citing Baughman v. Vann, 390 So.2d 750 (Fla. 5th DCA 1980)). "[A]ffirmative testimony of a sudden and unexpected stop ... is sufficient evidence to rebut the presumption." Liriano v. Gonzalez, 605 So.2d 575 (Fla. 3d DCA 1992) (emphasis supplied). "It is not merely an `abrupt stop' by a preceding vehicle (if it is in its proper place on the highway) that rebuts or dissipates the presumption that the negligence of the rear driver was the sole proximate cause of a rear-end collision. It is a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver that creates the factual issue." Pierce, 582 So.2d at 714 (emphasis added).
In the instant case, the defendant testified that he was driving in a careful manner, but that the plaintiff stopped in an abrupt manner, and that therefore, Gwendolyn caused the accident. The defendant's version of the collision is not sufficient to rebut or dissipate the presumption that his negligence was the sole proximate cause of the accident. Under the circumstances of this case, Gwendolyn's sudden stop happened at a place and time where it was reasonably expected  on a heavily congested city street during rush hour in stop and go traffic. Accordingly, we find that the trial court erred in denying the plaintiffs' renewed motion for directed verdict.
In light of our disposition on the above issue, it is unnecessary to reach the remaining points raised by the plaintiffs on appeal.
Accordingly, the judgment for the defendant is reversed and the cause is remanded with directions to enter an order granting the plaintiffs' motion for directed verdict upon the issue of liability and for a trial solely on the issue of damages.
NOTES
[1] The fact that it was raining is not sufficient to rebut the presumption of negligence. See generally § 316.185, Fla. Stat. (1991).