695 So.2d 775 (1997)
Sybil EPPLER, Appellant/Cross Appellee,
v.
TARMAC AMERICA, INC., Appellee/Cross Appellant.
No. 96-3518.
District Court of Appeal of Florida, First District.
April 28, 1997.
Opinion on Motion for Rehearing June 25, 1997.
*776 David R. Lewis of Foerster, Isaac & Yerkes, P.A., Jacksonville, for appellant.
Frank W. Hession of Matthews & Hession, Jacksonville, for appellee.
WOLF, Judge.
This appeal and cross appeal grew out of a traffic accident wherein appellant's vehicle was struck from the rear by a Tarmac cement mixer truck. We affirm the denial of appellant's motion for directed verdict and motion for new trial because Tarmac presented sufficient evidence to overcome the presumption of negligence that arises and attaches to the driver of a rear vehicle involved in a rear-end collision.[1] We reverse the summary denial of Tarmac's posttrial motion to compel appellant to pay an expert witness fee for the deposition of one of Tarmac's expert witnesses, which was raised as an issue on cross appeal.
At trial, both appellant and the Tarmac truck driver agreed that appellant had stopped due to a red light, but their testimony differed as to the cause of the accident once the traffic signal changed to green. Appellant testified that she was hit by the Tarmac truck before she started moving forward; however, the Tarmac driver testified that appellant started forward and then stopped suddenly in front of him which caused him to rear-end her vehicle and push it into the vehicle ahead of her. The only other witness to the collision, the driver of the lead vehicle struck by appellant, testified only that he had not started moving forward after the light change when appellant struck him from behind. Both parties put on substantial evidence including the testimony of health-care experts, appellant's treating chiropractor, and appellant's treating psychiatrist. Appellant's motion for a directed verdict on the issue of Tarmac's liability, filed at the close of all the evidence, was denied.
The jury returned a verdict in favor of Tarmac, finding that there was no negligence on the part of Tarmac which was the proximate cause of injury to appellant. Appellant moved for a new trial based on the denial of her motion for directed verdict and the jury's finding that Tarmac was not liable for appellant's injuries despite evidence that she had been injured in the collision. The trial court *777 denied that motion and entered a final judgment in favor of appellee.
The presumption of negligence that arises and attaches to the driver of a rear vehicle involved in a rear-end collision only entitles the driver of the leading vehicle to a directed verdict on the issue of liability if the driver of the rear/following vehicle is unable to provide a reasonable explanation for the collision. Davis v. Chips Express, Inc., 676 So.2d 984, 986 (Fla. 1st DCA 1996); Edward M. Chadbourne, Inc. v. Van Dyke, 590 So.2d 1023, 1024 (Fla. 1st DCA 1991). When the driver of the rear/following vehicle produces some evidence which fairly and reasonably tends to show that the presumption may not be factually accurate, the presumption dissipates and becomes only a permissible inference which the jury may or may not draw from the evidence before it. Gulle v. Boggs, 174 So.2d 26, 29 (Fla.1965); McCloud v. Swanson, 681 So.2d 898, 900 (Fla. 4th DCA 1996); Davis, 676 So.2d at 986; Sistrunk v. Douglas, 468 So.2d 1059, 1060 (Fla. 1st DCA 1985). Evidence that a leading vehicle unexpectedly slowed or stopped at a time and place where it could not reasonably be expected to do so can constitute a reasonable explanation for the rear/following vehicle's inability to stop prior to striking the leading vehicle. McCloud, 681 So.2d at 900; Davis, 676 So.2d at 986. Thus, the Tarmac driver's testimony that appellant had started forward when the signal light turned green and then stopped suddenly in front of him precluded a directed verdict because it created a factual question on the issue of fault which was best left to the trier of fact.
On the issue raised in the cross appeal, appellant/cross appellee concedes that Tarmac's expert witness, James R. Turner, III, was entitled to a reasonable fee for his deposition appearance. She seems only to dispute the reasonableness of the fee charged by this witness. The trial court's failure to require appellant/cross appellee to pay any fee to this expert witness was error. See Fla.R.Civ.P. 1.390(c) (1996)("An expert or skilled witness whose deposition is taken shall be allowed a witness fee in such reasonable amount as the court may determine."); Hyster Co. v. Stephens, 560 So.2d 1334, 1337 (Fla. 1st DCA), rev. denied, 574 So.2d 141 (Fla.1990) (determining that expert witness fee may be taxed as cost against deposing party). On remand, the trial court is directed to determine and award a reasonable expert witness fee for this witness.
AFFIRMED as to the issues raised in the direct appeal; REVERSED and REMANDED with directions as to the issue raised in the cross appeal.
BOOTH and VAN NORTWICK, JJ., concur.

OPINION ON MOTION FOR REHEARING
WOLF, Judge.
Appellant moves for rehearing arguing that this court incorrectly determined that the presumption of negligence that attaches in a rear-end collision was overcome by an unexpected stop of appellee. Appellant asserts that our decision conflicts with Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985); Pierce v. Progressive American Ins. Co., 582 So.2d 712 (Fla. 5th DCA), rev. denied, 591 So.2d 183 (Fla.1991); and Kao v. Lauredo, 617 So.2d 775 (Fla. 3d DCA 1993).
In Tozier v. Jarvis, the court found that the defendant's explanation that he was looking into his rearview mirror, coupled with his speculation that plaintiff was backing out onto the roadway rather than turning into a driveway from the roadway, was not substantial and reasonable evidence to overcome the presumption, but that it was reasonable to expect a party to slow down or stop when making a 90-degree turn into a business establishment along a busy thoroughfare. See Tozier, 469 So.2d at 888. The Tozier court, however, did recognize that "courts have determined that positive testimony of a sudden unexpected stop or an unexpected switching of lanes by the car in front is sufficient evidence to rebut the presumption." Id. at 886 (emphasis added).
In Pierce, the court said that an abrupt stop along a busy roadway was insufficient to overcome the presumption of negligence but a "sudden stop by the preceding driver at a time and place where it could not reasonably be expected" creates a factual issue for the jury. Pierce, 582 So.2d at 714.
*778 In Kao v. Lauredo, the court held that a sudden stop happening at a place and time where it would reasonably be expectedon a heavily congested city street during rush hour stop-and-go trafficwas insufficient to overcome the presumption of negligence. Kao, 617 So.2d at 777.
In Whitworth v. Cuchens, 397 So.2d 357 (Fla. 1st DCA 1981), however, this court held that evidence of a sudden unexpected stop at the top of a bridge was sufficient to overcome the presumption of negligence to allow the jury to find that the defendant was not negligent.
In the instant case, the evidence viewed in the light most favorable to the defendant established an unexpected stop immediately after starting to move when the signal light changed. We, therefore, readopt our previous opinion in this case. We do, however, recognize that Cuchens may be interpreted to be in conflict with Tozier, Pierce, and Kao. We, therefore, certify the following question to be one of great public importance:
DOES THE TESTIMONY OF THE DEFENDANT OF A SUDDEN UNEXPECTED STOP IMMEDIATELY AFTER STARTING FORWARD CONSTITUTE SUFFICIENT EVIDENCE TO OVERCOME THE PRESUMPTION OF NEGLIGENCE WHICH ATTACHES IN A REAREND COLLISION?
BOOTH and VAN NORTWICK, JJ., concur.
NOTES
[1] The jury's verdict in this case could have been based on a finding that the Tarmac driver was not negligent. Consequently, we do not reach appellant's argument that the jury's zero damage award was contrary to the evidence presented regarding the injuries sustained by appellant as a result of the collision.