PETERSON, Judge.
Lynx Transportation appeals a final judgment after a jury found that it was responsible for injuries received by Michael Atkinson in a bus-automobile accident. Lynx argues on appeal that the trial court erred when it instructed the jury that a rebuttable presumption of negligence was ;reated when the Lynx bus hit the rear of Atkinson’s automobile. Lynx correctly states that the presumption exists when the trial court considers a motion for directed verdict, but when the motion is denied and the matter is submitted to the jury, the jury must deliberate without the aid of the presumption and must determine whether Lynx was negligent from all of the evidence presented. Gulle v. Boggs, 174 So.2d 26 (Fla.1965); Eppler v. Tarmac America, Inc., 695 So.2d 775 (Fla. 1st DCA), rev. granted, 705 So.2d 8 (Fla.1997) (Table, No. 91,066); Kao v. Lauredo, 617 So.2d 775 (Fla. 3d DCA 1993); Pierce v. Progressive American Ins. Co., 582 So.2d 712 (Fla. 5th DCA), rev. denied, 591 So.2d 183 (Fla.1991); Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985); Baker v. Deeks, 176 So.2d 108 (Fla. 2d DCA), cert. denied, 183 So.2d 213 (Fla.1965). Lynx, however, did not make this argument below; it only objected to the instruction because the bus driver testified that “technically there was no contact, he just came to rest against [Atkinson’s] bumper.... To give this instruction would skew and add more facts that are not here and the jury has not heard because the plaintiff doesn’t have them.” Lynx did not advise the trial court that the giving of this instruc *601 tion would be improper where the court had already determined that Atkinson was not entitled to a directed verdict. Tozier at 886 (“Once the presumption is overcome, it vanishes; the jury is not instructed upon it.”). Hence, it failed to preserve the issue for consideration by this court. Jaffe v. Endure-A-Life Time Awning Sales, Inc., 98 So.2d 77 (Fla.1957)(question as to the proper law to be applied could not be considered for the first time on appeal); Clock v. Clock, 649 So.2d 312 (Fla. 3d DCA 1995)(an appellate court will not consider any ground for objection not presented to the trial court; review is limited to the specific grounds raised below); Perez v. Winn-Dixie, 639 So.2d 109 (Fla. 1st DCA 1994)(as a general rule, the failure to object or argue a specific point before the lower tribunal will preclude appellate review of that particular point); W.R. Grace & Co.-Conn. v. Dougherty, 636 So.2d 746 (Fla. 2d DCA 1994) (an appellate court may consider objections only on grounds specifically stated at trial, and when the appellant raises a different ground on appeal, the point is not preserved), rev. denied, 645 So.2d 457 (Fla.1994).[1]
We likewise reject Lynx’s challenge to the manner in which the jury pool was selected, an issue it attempts to raise for the first time in this appeal.
AFFIRMED.
GOSHORN and ANTOON, JJ., concur.

. Jaffe, Clock, Perez, and Dougherty were not cited by the parties.