PER CURIAM.
We affirm the judgment in the defendant’s favor. Here, unlike the facts in Kao v. Lauredo, 617 So.2d 775, 777 (Fla. 3d DCA 1993), there was no testimony that the rear end collision occurred because the accident happened “at a place and time where [a sudden stop] was reasonably expected .... ” The defendant, who was driving the rear vehicle, presented evidence that dissipated the presumption of negligence, and the presumption became only a “permissible inference which the jury may or may not draw from the evidence before it.” Eppler v. Tarmac America, Inc., 695 So.2d 775, 777 (Fla. 1st DCA), review granted, 70S So.2d 8 (Fla.1997).
Judgement affirmed.