743 So.2d 157 (1999)
Isaac TACHER, Appellant,
v.
Peggy ASMUS, and Douglas Asmus, and Cheryl Matthews, and George Matthews, Appellees.
No. 99-572.
District Court of Appeal of Florida, Third District.
October 20, 1999.
James K. Clark, Miami, for appellant.
Scott R. Gill (Ft.Lauderdale); Ronald D. Poltorack (Sunrise), for appellees.
Before JORGENSON, GREEN, and SHEVIN, JJ.
GREEN, J.
This is an appeal from a final judgment in which the trial court directed a verdict on the issue of liability in favor of the appellees, the plaintiffs below, in this rear-end automobile collision case. The trial court essentially determined as a matter of law that the presumption of negligence had not been rebutted by the appellant, Isaac Tacher, the defendant below. We affirm for the reasons which follow.
The evidence adduced at trial, taken in the light most favorable to Tacher, indicates that the accident involved a three-car rear-end collision occurring at 9:30 a.m. on a weekday at a busy intersection at the entrance to the Golden Glades Interchange. The weather was sunny and clear. Appellee Peggy Asmus was the driver of the first car stopped at a red light at the intersection. Appellee Cheryl Matthews was the driver of the second vehicle behind Asmus' car. Tacher was the operator of the third car stopped behind Matthews' vehicle at a distance of three to five feet. After the light turned green, Tacher testified that he observed both the Asmus vehicle and the Matthews vehicle begin to move forward. At that point, Tacher stated that he began to move forward traveling at approximately three to five miles per hour. Suddenly, he saw the Matthews vehicle abruptly stop. Although he quickly braked, he testified that he was unable to avoid striking the rear of Matthews' vehicle. Matthews' vehicle then struck the rear of Asmus' vehicle.
At the close of the evidence in this bifurcated trial on the issue of liability, the trial court directed a verdict in favor of the appellees and against Tacher. The lower court found that: (1) Tacher had failed to rebut the presumption of negligence that attaches in a rear end collision accident; *158 (2) Tacher was solely at fault; and (3) neither of the appellees were comparatively negligent. It is from this final judgment that this appeal has been taken.
Florida law has long since recognized a rebuttable presumption of negligence on the part of the rear driver in a rear-end collision accident. See Bellere v. Madsen, 114 So.2d 619 (Fla.1959). Where, as in this case, it is claimed that the rear-end collision was precipitated by a sudden stop by the preceding driver, most districts (including our own) have found that the presumption cannot be rebutted if the stop happened at a place and time where it was reasonably expected. See Pierce v. Progressive Am. Ins. Co., 582 So.2d 712, 714 (Fla. 5th DCA 1991); see also Kao v. Lauredo, 617 So.2d 775, 777 (Fla. 3d DCA 1993); Tozier v. Jarvis, 469 So.2d 884, 888 (Fla. 4th DCA 1985); but compare Eppler v. Tarmac Am., Inc., 695 So.2d 775 (Fla. 1st DCA 1997)(the defendants testimony of a sudden and unexpected stop of the preceding driver at an intersection was sufficient to overcome the presumption of negligence and create jury issue of fault). Indeed, as the Fifth District Court of Appeal has held:
[i]t is not merely an `abrupt stop' by a preceding vehicle (if it is in its proper place on the highway) that rebuts or dissipates the presumption that the negligence of the rear driver was the sole proximate cause of a rear-end collision. It is a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver that creates the factual issue.
Pierce, 582 So.2d at 714 (citations omitted)(emphasis added).
We conclude that a sudden stop by a preceding driver or drivers approaching or going through a busy intersection should be reasonably expected so as to impose a duty on the drivers which follow them to operate their vehicles at a safe distance. It is not at all unusual for vehicles preceding through busy intersections, for example, to have to suddenly brake for pedestrians, emergency vehicles or other drivers running a red traffic light from a cross-street. For that reason, we do not believe that the evidence of a preceding vehicles' sudden stop at a busy intersection, in this case, was sufficient to overcome the presumption of negligence on the part of appellant, Tacher.
We therefore affirm the directed verdict entered on the issue of liability in this case. Further, as we recognize that our holding in this case is in direct conflict with the first district's Eppler decision, we certify direct conflict.
Affirmed. Conflict certified.