745 So.2d 1152 (1999)
Xiang Jun CHENG, Appellant,
v.
Uthai SIRICHOKE, Appellee.
No. 99-327
District Court of Appeal of Florida, Third District.
December 22, 1999.
*1153 Strauss, Schomber & Williams, and Charmain Williams, Miami, for appellant.
Conroy, Simberg & Gannon and Hinda Klein (Hollywood), for appellee.
Before GERSTEN, GODERICH, and FLETCHER, JJ.
FLETCHER, Judge.
Xiang Jun Cheng appeals from a final order granting Uthai Sirichoke's motion for summary judgment. We reverse.
Cheng, the plaintiff below, was driving the second vehicle in a three-car accident. The lead driver, Sirichoke, stopped his van unexpectedly while driving on State Road 826, a busy urban expressway in Miami. Cheng, the second driver, was able to fully stop her vehicle behind Sirichoke's, but the driver behind Cheng was unable to stop, ran into Cheng and pushed her car into Sirichoke's van.
Cheng filed a complaint against Sirichoke[1], alleging that he negligently operated or failed to control his vehicle by coming to an unexpected stop and thereby caused a hazardous situation for following cars, which negligence directly and proximately caused Cheng's injuries. Sirichoke, in his Motion for Summary Judgment, argued that there were no material facts in dispute, and that Cheng was unable to substantially and reasonably rebut the presumption that she was wholly at fault for the accident as the rear driver of a rear-end collision where Sirichoke had stopped his vehicle in the normal course of rush hour traffic. Cheng argued to the contrary that traffic conditions at the time of the accident were indeed in dispute, and that because it was not clear from Sirichoke's version of the collision that his sudden stop was reasonable under the circumstances, summary judgment was therefore improper. The trial court heard arguments from both Cheng and Sirichoke, and granted Sirichoke's Motion for Summary Judgment.
We disagree that there were no genuine material facts in dispute and reverse. A review of the record reveals that Sirichoke did not carry his burden of showing conclusively that there was no genuine issue as to any material fact. Cheng, as nonmovant, introduced sufficient material facts in dispute regarding traffic conditions at the time of the accident to survive summary judgment. Cheng asserted that just prior to the accident traffic was fluid and there was no apparent reason for Sirichoke to stop suddenly. The record itself is not clear regarding the actual traffic conditions existing in front of Sirichoke, as lead driver, at the time the accident occurred. Cheng, as second driver, could not see what conditions existed in front of Sirichoke at the time because Sirichoke was driving a van. Deposition testimony from all three drivers reveals that each had a different perception of the degree of traffic congestion and relative traffic flow just prior to the accident. As Cheng introduced a genuine and material factual dispute whether Sirichoke's sudden stop was at a time and place reasonably to be expected, such factual dispute is to be determined by the jury, and accordingly, summary judgment was inappropriate. See Kao v. Lauredo, 617 So.2d 775 (Fla. 3d DCA 1993); Moore v. Morris, 475 So.2d *1154 666, 668 (Fla.1985)(summary judgment is inappropriate unless the facts of the case are so crystallized that disposition of questions of law are all that remain for the trial court to determine); Chittenden v. Florida Power & Light Co., 600 So.2d 571 (Fla. 3d DCA 1992)(same). This Court has said that
"It is not merely an `abrupt stop' by a preceding vehicle (if it is in its proper place on the highway) that rebuts or dissipates the presumption that the negligence of the rear driver was the sole proximate cause of a rear-end collision. It is a sudden stop by the preceding driver at a time and place where it could not reasonably be expected by the following driver that creates the factual issue." [e.s.].
Kao at 777 (citation omitted). Cheng's testimony regarding her perception of the traffic conditions at the time of the collision suggests that she did not reasonably expect Sirichoke to stop suddenly, given those traffic circumstances. "If the evidence... will permit ... different reasonable inferences, or if there is evidence tending to prove the issues, it should be submitted to a jury as a question of fact to be determined by it, and not taken from the jury and passed upon by the Court as a question of law." Jancisko v. Levy, 517 So.2d 41, 41 (Fla. 3d DCA 1987), review denied, Sieracki v. Jancisko, 528 So.2d 1183 (Fla.1988).
Accordingly, we reverse the trial court's order granting summary judgment in favor of Sirichoke and remand for further proceedings.
NOTES
[1] Cheng's similar suit against Diaz, driver of the third vehicle, is not at issue here.