775 So.2d 414 (2001)
Mazie FERGUSON, Appellant,
v.
Ralph DISALVO and Fawn Shankman, Appellees.
No. 4D97-1594.
District Court of Appeal of Florida, Fourth District.
January 3, 2001.
Jacob D. Maldonado, Miami, for appellant.
Patricia S. Sechen of Barnett, Barnard & Sechen, Fort Lauderdale, for appellees.

ON MOTION FOR REHEARING
PER CURIAM
We grant appellant's motion for rehearing, withdraw our previously issued opinion, and substitute the following in its place.
Appellants, the plaintiffs below in this rear-end collision case, challenge the denial of their motion for a directed verdict on the issue of liability against defendants/appellees. We reverse.
We stayed this appeal pending the outcome of Eppler v. Tarmac America, Inc., 695 So.2d 775 (Fla. 1st DCA 1997), in which the first district certified the following question to the Florida Supreme Court:
Does the testimony of the defendant of a sudden unexpected stop immediately after starting forward constitute sufficient evidence to overcome the presumption of negligence which attaches in a rear-end collision?
In Eppler v. Tarmac America, Inc., 752 So.2d 592 (Fla.2000), the supreme court answered the certified question in the affirmative and approved the first district's decision. The court distinguished "arbitrary stop" cases from other "sudden stop" cases, wherein the forward driver merely stopped abruptly. Id. at 595 (citing Tacher v. Asmus, 743 So.2d 157 (Fla. 3d DCA 1999); Pierce v. Progressive American Ins. Co., 582 So.2d 712 (Fla. 5th DCA 1991); and Kao v. Lauredo, 617 So.2d 775 (Fla. 3d DCA 1993)). The court concluded that the stop in Eppler fell within the "arbitrary stop" category because the forward driver in Eppler "slammed on her brakes, without warning, and for no reason." Id.
In Florida, a rebuttable presumption of negligence attaches to the driver of the rear vehicle in a rear-end *415 collision. Eppler, 752 So.2d at 594; Gulle v. Boggs, 174 So.2d 26 (Fla.1965); McCloud v. Swanson, 681 So.2d 898 (Fla. 4th DCA 1996); Pierce v. Progressive American Ins. Co.; Tozier v. Jarvis, 469 So.2d 884 (Fla. 4th DCA 1985); Tacher, 743 So.2d 157; D.J. Spencer Sales v. Clampitt, 704 So.2d 601, 603 (Fla. 1st DCA 1998). If the lead vehicle suddenly stops, but the stop happens at a place and time where it was reasonably expected, then the presumption of negligence is not rebutted. Eppler, 752 So.2d at 595; Tacher, 743 So.2d at 158. However, if the stop by the lead driver is "arbitrary" (i.e., unexpected and sudden), then the presumption is rebutted and the plaintiff is not entitled to a directed verdict.
The evidence presented at trial in this case, taken in the light most favorable to the appellees, showed a "sudden stop." Appellees were traveling southbound towards the intersection of University Drive and State Road 84 in Broward County. The weather was rainy, cold and windy. The roads were very wet. The traffic flow was "medium," but the appellee-driver described it as "stop-and-go." The appellee-driver was stopped at a red light behind appellant's vehicle. Appellant had begun to move forward but suddenly slammed on her brakes. When appellee stepped on her brakes, she slid into the back of appellant's vehicle.
Based on these facts, we conclude that the case before us falls under the "sudden stop" category. Plaintiffs stop, though sudden, was not unexpected, given the traffic and weather conditions. Accordingly, we reverse and remand for entry of a directed verdict in favor of appellant on the issue of liability.
REVERSED and REMANDED for a new trial.
GUNTHER, STONE, and TAYLOR, JJ., concur.