WETHERELL, J.
Kim Kurnow and her business entities (collectively “Kurnow”), the plaintiffs below, appeal the trial court’s order granting Charles Abbott’s motion for a new trial on the civil conspiracy count of Kurnow’s amended complaint. Abbott and his business entities cross-appeal 1) the denial of Abbott’s motion for judgment in accordance with his motion for a directed verdict (JNOV) on the conspiracy count, and 2) the denial of Abbott Properties’ and Krystal Mitchell’s motion for a new trial on the breach of contract count in Kur-now’s amended complaint. We agree with Abbott that the trial court erred in denying his motion for directed verdict on the conspiracy count, and accordingly reverse the denial of his motion for a JNOV on that count. This disposition renders moot Kurnow’s argument on appeal that the trial court erred in granting Abbott’s motion for a new trial on the conspiracy count. We find no merit in the second issue raised on cross-appeal and affirm the denial of the motion for new trial on the breach of contract count without further comment.
Kurnow sued Abbott, several of his business entities, and Abbott’s fiancée and employee, Mitchell, to recover damages Kur-now allegedly suffered as a result of a failed business relationship between her and Abbott. Kurnow’s amended complaint raised claims of breach of contract, civil conspiracy, tortious interference with a prospective business relationship, and defamation. The conspiracy count alleged that Abbott and Mitchell conspired to de *1101 fraud Kurnow of real estate commissions by manipulating inventory and sales figures and statistics, and also by taking payment from Kurnow for a real estate business franchise and then not delivering the agreed upon franchise rights to her.
Abbott and Mitchell moved for a directed verdict on the civil conspiracy count at the close of Kurnow’s case, and the trial court took the motions under advisement. The motions were renewed at the close of the evidence, and after the trial court granted directed verdict in favor of Mitchell, Abbott argued that the court should also grant his motion for directed verdict because Mitchell was the only other alleged conspirator and, without her, a conspiracy could not legally exist. Kurnow responded that “there are more entities in here than simply Charles Abbott and Krystal Mitchell,” implying that the jury could find a conspiracy between Abbott and his business entities.
The trial court denied Abbott’s motion for directed verdict without explanation and allowed the civil conspiracy count to go to the jury. The jury was instructed that a conspiracy is an agreement by two or more persons to commit a wrongful act and that its verdict on the civil conspiracy count should be for Kurnow if the greater weight of the evidence shows that Abbott and his entities[1] conspired to defraud Kurnow of real estate commissions or her interest in the franchise. The verdict form, however, omits any reference to Abbott’s entities and asked only whether Abbott conspired to defraud Kurnow. The jury returned a verdict in favor of Kurnow on the civil conspiracy count.[2]
Abbott timely filed a motion for a JNOV or, alternatively, motion for a new trial, on the civil conspiracy count.[3] The motion argued, among other things, that the verdict could not legally stand because a conspiracy requires more than one person and a directed verdict was entered in favor of the only other alleged conspirator, Mitchell. The trial court denied the motion for a JNOV, but granted a new trial on the conspiracy count because the verdict form did not include reference to Abbott’s business entities and “therefore because of the evidence at trial[,] the elements of civil conspiracy could not be fulfilled.”
Kurnow timely appealed the order granting a new trial on the civil conspiracy count. Abbott timely cross-appealed the denial of his motion for a JNOV on that count, as well as the denial of the motion for a new trial on the breach of contract count.
We review the order denying Abbott’s motion for a JNOV under the de novo standard of review, giving no deference to the trial court’s ruling. Sorel v. Koonce, 53 So.3d 1225, 1227 (Fla. 1st DCA 2011). However, we will not reverse the denial of a JNOV motion if any reasonable view of the evidence supports the verdict for the non-moving party. See Meruelo v. Mark *1102 Andrew of Palm Beaches, Ltd., 12 So.3d 247, 250 (Fla. 4th DCA 2009) (“[A]n appellate court must affirm the denial of a motion for directed verdict if any reasonable view of the evidence could sustain a verdict in favor of the non-moving party.”); cf. Lindon v. Dalton Hotel Corp., 49 So.3d 299, 303 (Fla. 5th DCA 2010) (“A motion for directed verdict or JNOV should be granted only if no view of the evidence could support a verdict for the nonmoving party and the trial court therefore determines that no reasonable jury could render a verdict for that party.”)
Here, viewing all of the evidence presented at trial, no reasonable jury could have returned a verdict in Kurnow’s favor on the conspiracy claim. A conspiracy requires more than one party. See Walters v. Blankenship, 931 So.2d 137, 140 (Fla. 5th DCA 2006).[4] The only conspirators that Kurnow alleged in her amended complaint were Abbott and Mitchell; Kurnow failed to allege (or prove) that Abbott conspired with any other individual or entity to defraud her. Once the trial court granted a directed verdict in favor of Mitchell, no conspiracy was possible because only one alleged conspirator, Abbott, remained. Accordingly, upon granting a directed verdict in favor of Mitchell on the conspiracy count, the trial court should have also granted a directed verdict in favor of Abbott on that count.
We have not overlooked Kurnow’s argument that denial of the motion for a JNOV was proper because she presented evidence that Abbott conspired with his business entities to defraud her. The record does not support this argument and, even if it did, the problem with this argument is that the amended complaint did not allege that Abbott conspired with his business entities and, moreover, an actionable conspiracy generally cannot exist between an entity and its officers, agents, or employees. See, e.g., Rivers v. Dillards Dept. Store, Inc., 698 So.2d 1328, 1333 (Fla. 1st DCA 1997); Hoon v. Pate Const. Co., 607 So.2d 423, 430 (Fla. 4th DCA 1992).
In sum, for the reasons stated above, the trial court erred in denying Abbott’s motion for directed verdict on the conspiracy count. Accordingly, we reverse the order denying Abbott’s motion for a JNOV and remand for entry of judgment in favor of Abbott on that count.
AFFIRMED in part; REVERSED in part; REMANDED with directions.
ROWE and MARSTILLER, JJ., concur.

. Although not entirely clear in the record, it appears that this language was added to the jury instructions after the argument on Abbott’s renewed motion for directed verdict because the proposed jury instructions prepared by Kurnow do not include any language regarding Abbott's entities and, instead, refer only to "Charles Abbott and Krystal Mitchell" conspiring against Kurnow.

. The jury also returned a verdict in favor of Kurnow on the breach of contract and defamation counts. The trial court granted a directed verdict in favor of Abbott on the tor-tious interference count.

.The motion also sought a new trial on the breach of contract count on behalf of Abbott Properties and Mitchell. The trial court denied that portion of the motion, but clarified that the judgment on the breach of contract count is only against Abbott Properties.

. The elements of a civil conspiracy are: (a) a conspiracy between two or more parties, (b) to do an unlawful act or to do a lawful act by unlawful means, (c) the doing of some overt act in pursuance of the conspiracy, and (d) damage to plaintiff as a result of the acts performed pursuant to the conspiracy.
Walters, 931 So.2d at 140 (emphasis added).